IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:05CR75 |
| vs. | ) | |
| | ) | TRIAL ORDER |
| SCOTT A. FORREST, | ) | |
| RASHELL L. ROTH and | ) | |
| MICHAEL L. ANDREWS, | ) | |
| | ) | |
| Defendant. | ) | |

Now pending before the court is the motion of Rashell L. Roth to continue the trial now set for April 25, 2005. For good cause shown, and upon the representation that the defendant waives speedy trial and will file a waiver of speedy trial,

**IT IS ORDERED** that defendant Roth's Motion (#36) is granted, as follows:

1. The above-entitled case is scheduled for a jury trial before the Honorable Laurie Smith Camp, District Court Judge, to begin **Tuesday, June 21, 2005 at 9:00 a.m.** in Courtroom No. 2, Third Floor, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska; because this is a criminal case, the defendants must be present in person. Counsel will receive more specific information regarding the order of trial from Judge Smith Camp's courtroom deputy, Edward Champion.

2. Any motions for a continuance of this trial date shall be electronically filed on or before **June 13, 2005** and shall (a) set forth the reasons why the moving party believes that the additional time should be allowed and (b) justify the additional time, *citing specific references to the appropriate section(s) of the Speedy Trial Act, 18 U.S.C. § 3161 et seq.* Any defense motion for continuance shall be accompanied by a written affidavit signed by the defendant in accordance with NECrimR 12.3.

3. Defendant Roth shall file a speedy trial waiver as soon as is practicable.

4. The ends of justice will be served by granting such motion and outweigh the interests of the public and the defendant in a speedy trial. Any additional time arising as a result of the granting of this motion, that is, the time between **April 25, 2005 and June 21, 2005**, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

DATED April 25, 2005.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge